UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JUSTIN L. LEVY,

                              Plaintiff,

                                                        **Hon. Hugh B. Scott**

              v.

                                                        09CV720A

                                                        **Report**
                                                        **&**
CITY OF BUFFALO and                                     **Recommendation**
RAYMOND HARRINGTON,

                              Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 4; see text minute entry Apr. 14, 2011).  The instant matter before the Court is

plaintiff's motion to preclude evidence pursuant to Federal Rules of Civil Procedure 37(c)(1) and

to enlarge the Scheduling Order (Docket No. 16[1]).  Responses were due by June 13, 2011, any

reply by June 20, 2011, and this motion was deemed submitted, without oral argument, on

June 20 (Docket No. 17).  For judicial efficiency and the interrelated nature of the relief and

issues involved, the portion of plaintiff's motion to enlarge the Scheduling Order is decided in

this Report & Recommendation rather than in a separate Order.

---

[1]In support of his motion, plaintiff submits his attorney's Declaration (with exhibits), and
his Memorandum of Law, Docket No. 16; and his attorney's reply Declaration, Docket No. 19.
In opposition, defendants submit their attorney's Responding Affidavit, Docket No. 18.

**BACKGROUND**

This is a removed civil rights action (see Docket No. 1, Notice of Removal).  Plaintiff alleges that defendant City of Buffalo Police officer Harrington arrested him without probable cause.  In the state court action, plaintiff asserts that he was falsely arrested, maliciously prosecuted, and that Harrington violated his civil rights.  (Docket No. 1, Notice of Removal, Ex. A, State Compl.)  In his present motion, plaintiff claims that Harrington battered plaintiff and arrested him on January 2, 2009 (Docket No. 16, Pl. Atty. Decl. ¶ 3)

Defendants removed this action on August 18, 2009 (Docket No. 1; see Docket No. 16, Pl. Atty. Decl. ¶ 6, Ex. C; Docket No. 18, Defs. Atty. Responsive Aff. ¶ 4), and answered on the next day (Docket No. 3).  On August 26, 2009, this Court scheduled a Scheduling Conference for October 6, 2009 (Docket No. 5), requiring the parties to exchange initial disclosure under Federal Rule of Civil Procedure 26(a)(1) prior to that conference (id. at 1).  According to defense counsel, he had discussions with plaintiff's first attorney, David Jay, around September 9, 2009, about a possible resolution of this matter or consent to proceed before the undersigned to expedite its handling (Docket No. 18, Defs. Atty. Aff. ¶ 6, Ex. A).  The Scheduling Conference had been adjourned several times and neither party had exchanged initial disclosures (Docket No. 16, Pl. Atty. Decl. ¶¶ 7-8).  This conference was postponed due to the illness and later death of Mr. Jay (see also Docket No. 19, Pl. Atty. Reply Decl. ¶ 5).  This illness apparently delayed activity in this case, since neither party sought initial disclosure or otherwise moved the case along from September 2009 until new counsel (plaintiff's present counsel, Steven Cohen) appeared in this action on April 21, 2010 (see Docket No. 16, Pl. Atty. Decl. ¶¶ 7-10, Ex. E; Docket No. 18, Defs. Atty. Aff. ¶¶ 6-8; Docket No. 12).  The Scheduling Conference eventually

2

was held on April 28, 2010 (Docket No. 13), with discovery to conclude by October 28, 2010 (Docket No. 14; Docket No. 16, Pl. Atty. Decl. ¶ 11, Ex. F).

Plaintiff in this motion then discusses the delays in scheduling the mediation (Docket No. 16, Pl. Atty. Decl. ¶¶ 12-21), although, as set forth in the Scheduling Order (Docket No. 14, Scheduling Order ¶ 2e), this mediation was to run parallel to other activities in the case, including discovery, and not effect "the scheduled progress of the case toward trial," see also W.D.N.Y. ADR Plan § 4.1(C) (revised Jan. 1, 2008).  Plaintiff's new counsel then discovered by October 1, 2010, that initial disclosures had not been exchanged (Docket No. 16, Pl. Atty. Decl. ¶ 22).

Counsel meanwhile discussed dates for deposing defendant Harrington, proposing dates from November or December 2010, and eventually agreeing to conduct the deposition on January 31, 2011, with a make up date in February 2011.  This was memorialized in a letter dated October 13, 2010, but no effort was made by either party to seek to extend the discovery deadline of October 28, 2010, to conduct this examination (id. ¶¶ 23-26, Exs. O, P).  Plaintiff also did not mention the fact that initial disclosures had not yet been exchanged.  Although rediscovered when drafting this motion, plaintiff now notes that in the October 13, 2010, letter plaintiff sought defendants to move to extend the discovery deadline to allow time to conduct this deposition, with Mr. Cohen requesting that Assistant Corporation Counsel Carmen Gentile contact the Court "at your earliest convenience to have the Scheduling Order deadlines revised to reflect the new dates for discovery to be concluded" (id. ¶ 35, Ex. P (letter of Steven Cohen to Carmen Gentile, Oct. 13, 2010)).

3

In early December 2010, plaintiff's counsel discovered that these initial disclosures had still not been exchanged (id. ¶ 27), and the parties discussed this during their December 21, 2010, mediation session (id. ¶ 28).  The parties agreed during that mediation to exchange initial disclosure (Docket No. 19, Pl. Atty. Reply Decl. ¶ 7).  Plaintiff then served his initial disclosure on December 27, 2010, and asked defendants for their initial disclosures.  Plaintiff's counsel there noted that the discovery deadline had passed and requested that defendants respond "without the need for motion practice."  (Docket No. 16, Pl. Atty. Decl. ¶ 29, Ex. Q.)  In reply, plaintiff places this expiration in the context of defense refusal to schedule depositions and defense counsel's apparent representation that he would move to extend the Scheduling Order but failed to do so (Docket No. 19, Pl. Atty. Reply Decl. ¶ 13).

On January 27, 2011, defense counsel contacted plaintiff's counsel and indicated that, since the discovery deadline had passed, he would not produce Harrington for a deposition or produce any discovery (Docket No. 16, Pl. Atty. Decl. ¶ 30).  Defendants contend that the discovery deadline of October 28, 2010, had passed and no effort to conduct timely discovery was made, hence their refusal to produce (Docket No. 18, Def. Atty. Aff. ¶ 12), with defense counsel stating to plaintiff that an amended Scheduling Order was needed, that plaintiff should seek it, and that defendants would not oppose such a request (id. ¶ 13).  In reply, plaintiff argues that efforts were made to conduct discovery but to no avail (see Docket No. 19, Pl. Atty. Reply Decl. ¶ 14, citing Docket No. 16, Pl. Atty. Decl. ¶¶ 22-25, Ex. P).

On January 27, 2011, plaintiff's counsel responded to defense refusal by reciting his version of the procedural history of the prior nine months, noting defense delays in scheduling the mediation and depositions.  Plaintiff's counsel then concluded that "based upon the foregoing

4

events, including your untimely requirement that we file a motion to extend, which we believe

the court would be amendable to grant, and after further reflection, I have opted to simply put the

matter on the Court's trial calendar rather than conduct additional discovery. . . . As you have

chosen not to extend any courtesies in this matter, nor provide the Rule 26 Disclosures as

previously agreed, I see no reason not to request a court conference for purposes of scheduling

the trial in this matter"  (Docket No. 16, Pl. Atty. Decl. Ex. R.)  Plaintiff claims that he wrote to

this Court requesting a "scheduling" conference (id. ¶ 32), but in fact plaintiff's counsel sought

conference to place the case on the Court's trial calendar (e.g., letter of Steven Cohen to

Chambers, Feb. 9, 2011), declaring in the second letter that "discovery is complete in this case,

and a pre-trial conference is desired to set a trial date in this matter" (letter of Cohen to

Chambers, Mar. 2, 2011).  Note, plaintiff did not include these letters as exhibits to this motion.

A pretrial conference was held before Judge Arcara on April 14, 2011.  According to

defense counsel's recollection of the conference, plaintiff's counsel stated his willingness to

forgo further discovery and to place the case on the trial calendar (Docket No. 18, Defs. Atty.

Aff. ¶ 15).  The minute entry for that proceeding states that plaintiff indicated that initial

Rule 26(a) disclosure from defendants was still outstanding, defendants suggested a new Case

Management Order be issued (which they would not oppose), and Judge Arcara referred this case

back to the undersigned (text minute entry, Apr. 14, 2011).

On May 23, 2011, plaintiff filed the present motion (Docket No. 16).  To date, defendants

have not produced initial disclosure.  Plaintiff argues that Rule 37(c)(1) requires that if initial

disclosure is not provided that the party is not allowed to use that information or witness unless

the failure "was substantially justified or harmless" (Docket No. 19, Pl. Atty. Reply Decl. ¶ 3).

5

He concludes that defendants have not shown that their continued refusal to produce is justified or harmless (id. ¶ 4).  As for the belated motion for extension of the Scheduling Order, plaintiff replies that he relied upon defense counsel either to make a motion for an extension or to inform him that he expected plaintiff to so move (id. ¶ 17).  Plaintiff concludes that "in light of the Court's decision that this action was not ready for trial and to refer this action back for further proceedings, any discussion of our decision, after encountering Defendant[s'] delaying tactics, to forego further discovery is beside the point," (id. ¶ 18).

## DISCUSSION

I.      Preclusion for Failure to Produce Initial Disclosure

      A.      Standards Under Rules 26(a) and 37

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention.  See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter."  Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007).  Initial disclosure includes items to be disclosed without prior discovery request such as the names and addresses of those individuals likely to have discoverable information; copies (or description of categories and locations) of all documents, electronically stored information, and tangible things the disclosing party has in its disposal that

may be used for its claim or defense; damage computations; and insurance agreements, <u>id.</u>, R.

26(a)(1)(A).

In the above, As noted by plaintiff (Docket No. 16, Pl. Memo. at 2; Docket No. 19, Pl. Atty. Reply

Decl. ¶ 9), under Rule 26(a) of the Federal Rules of Civil Procedure parties "must, without

awaiting a discovery request, provide to the other parties," among other items, names of

witnesses likely to have discoverable information along with the subjects of that information.

Fed. R. Civ. P. 26(a).  Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, "[i]f a

party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party

is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or

at a trial, unless the failure was substantially justified or is harmless," Fed. R. Civ. P. 37(c)(1);

<u>Kam Hing Enterprises, Inc. v. Wal-Mart Stores, Inc.</u>, 359 Fed. Appx. 235 (2d Cir. 2010).

Rule 37(c)(1) gives this Court discretion either to recommend preclusion for defendants' failure

to produce initial disclosure or impose other sanctions with or in lieu of preclusion.  These other

sanctions include payment of the movant's reasonable motion expenses, including attorney's

fees; inform the jury of the parties' failure; and other sanctions under Rule 37(b)(2)(A)(i)-(vi),

which have aspects of preclusion, up to dismissal of the action or rendering default judgment.

    B.    Application

The hallmark of this action has been delay, either excusable delay due to the illness and

ultimate demise of plaintiff's initial counsel or the inexcusable delay of the parties waiting for the

other to act before acting oneself.  First, the parties failed to exchange initial disclosures prior to

the Scheduling Conference as directed by the first Order setting that conference (<u>see</u> Docket No.

5), <u>see also</u> Fed. R. Civ. P. 26(a)(1)(A) (except as otherwise ordered a party must produce initial

disclosure); cf. id. R. 26(a)(1)(C) (timing of disclosure "within 14 days after the parties' Rule

26(f) conference unless a different time is set by stipulation or court order").   The parties later do

not realize that initial disclosures had not been exchanged for months.   Plaintiff, now with new

counsel, next agree with defense counsel to deposition dates beyond the discovery deadline and

to exchange initial disclosure.   But then defendants assert the discovery deadline as precluding

the scheduled deposition (or production of other, outstanding discovery, including initial

disclosures) absent an Order.   Both parties sat on their hands and did not move to amend this

schedule until this present motion, filed seven months after the deadline expired, with both sides

waiting for the other party to act and believing that the other side did (or should) make the

motion.

        The issue in this part of the motion is precluding the testimony of undisclosed witnesses

because of defendants' failure to make initial disclosures (including identifying witnesses) under

Rule 26(a)(1).   Defendants' failure to disclose this information was not substantially justified.

During the time when Mr. Jay was on the case and whatever representations were made about

settlement (cf. Docket No. 18, Defs. Atty. Aff. ¶ 6) did not excuse defense counsel from

exchanging initial disclosure with Mr. Jay.   Such production at that time was required by the

notice for the initial scheduling conference (Docket No. 5, Order at 1), and may have sped

settlement of this action or at least put defense counsel on notice of Mr. Jay's situation.   Instead,

defense counsel apparently did nothing to advance this case until new counsel represented

plaintiff (cf. Docket No. 18, Defs. Atty. Aff. ¶ 7).   Defense counsel represents that he had

"various communications with counsel David Jay, both verbal and written" (id.), but defendants

do not include as exhibits any of the written communication to confirm his attempts to contact

Mr. Jay.  When new counsel appeared in this case in April 2010, defense counsel did not produce

initial disclosure to him, despite the opportunity to produce just after the April 28, 2010,

scheduling conference (<u>cf.</u> Docket No. 5, Scheduling Conference Notice, Order at 1, which called

for exchange of Rule 26(a)(1) disclosures <u>in advance of Scheduling Conference</u>; Fed. R. Civ. P.

26(a)(1)(C)).  Defendants give no reason why such disclosure was not provided, even after their

discussion of this omission during their December 2010 mediation session (Docket No. 16, Pl.

Atty. Decl. ¶ 28), their apparent agreement to produce (Docket No. 19, Pl. Atty. Reply Decl. ¶ 7),

and plaintiff's production of his Rule 26(a) initial disclosure later that month (Docket No. 16, Pl.

Atty. Decl. ¶ 29; Docket No. 19, Pl. Atty. Reply Decl. ¶ 10).  The only apparent reason now is

the expiration of the discovery period under the unamended Scheduling Order.  Initial disclosure

is to be made without awaiting a discovery request, Fed. R. Civ. P. 26(a)(1)(A), so the expiration

of the Scheduling Order deadline is not substantial justification.

   But plaintiff has not acted promptly when defendants failed to act.  The table below

shows the timing of activities from the October 28, 2010, discovery deadline and the December

27, 2010, service of plaintiff's initial disclosure (Docket No. 16, Pl. Atty. Decl. ¶¶ 28-33, Exs. Q,

P, R; Docket No. 19, Pl. Atty. Reply Decl. ¶ 7) to present:

| Date | Activity |
|---|---|
| October 28, 2010 | Discovery deadline (Docket No. 14) |
| December 21, 2010 | Mediation session, in which initial disclosure issue was raised.  Parties agree to exchange disclosure |
| December 27, 2010 | Plaintiff serves his initial disclosure and demands defendants' |
| January 27, 2011 | Defense counsel refuses further discovery |

| Date | Activity |
|------|----------|
|  | responses due to expired discovery deadline |
| January 27, 2011 | Plaintiff's counsel responding letter, to seek scheduling of trial |
| February 9 and March 2, 2011 | Plaintiff's letters to Chambers requesting a conference to set a trial date |
| April 14, 2011 | Pretrial conference with Judge Arcara, plaintiff renewing initial disclosure issue |
| May 23, 2011 | Plaintiff files this motion to preclude, Docket No. 18 |

Plaintiff thus took five months from the service of his initial disclosure to move to preclude defendants due to their failure to produce theirs, or over five weeks from the April 14, 2011, pretrial conference with Judge Arcara where plaintiff renewed his request for this disclosure.  In the interim, plaintiff appeared to have waived discovery for a time in favor of a trial date (see, e.g., letter of Mar. 2, 2011, Cohen to Chambers).  Plaintiff now argues that three months of that time was due to his waiting for defendants to make a motion to extend the Scheduling Order that never came (see Docket No. 19, Pl. Atty. Reply Decl. ¶ 17).  As critical as the initial disclosure is to the case, the plaintiff has been dilatory in seeking it, even if focusing on the narrower period of time between December 27, 2010, and May 23, 2011.  In his reply, plaintiff's counsel now argues that Judge Arcara's finding that the case was not ready for trial obviated his decision to not seek discovery (cf. id. ¶ 18).

Given plaintiff's counsel's initial position (born out of frustration) to no longer seek discovery and seek an immediate trial, defendants' failure to produce initial disclosure **was harmless**.  Since discovery has effectively been reopened by Judge Arcara determining that the

case was not ready for trial, plaintiff's motion should be deemed one to compel production and that motion **should be granted**.

Therefore, plaintiff's motion to preclude (Docket No. 16) should be **denied**. Treating the motion as one to compel, that motion should be **granted**. If adopted without objection or modification, defendants should produce their initial disclosure to plaintiff by **thirty-five days from entry of this Report & Recommendation**. Defendants' failure to produce after this determination will subject them to the provisions of Rule 37(b)(2)(A).

II.     Motion to Extend the Scheduling Order

Both parties agree to extend the Scheduling Order (see Docket No. 18, Defs. Atty. Aff. at 5). As discussed above, while the delay in pursuing this action in the initial period of this action can be excused due to Mr. Jay's terminal illness, since Mr. Cohen's appearance in this action, both sides have been dilatory in prosecuting this case. Both sides first delayed discovery while awaiting having a mediation session, which defendants delayed conducting, although mediation is to run in parallel with the other activities in the case and not delay or defer other dates in the action, see W.D.N.Y. ADR Plan § 4.1(C) (revised Jan. 1, 2008), as adopted, W.D.N.Y. Loc. Civ. R. 16(a). Then defendants raised scheduling obstacles to setting dates for depositions until after the initial Scheduling Order's discovery deadline only to invoke that deadline as an objection to further discovery (including the stipulated deposition).

Plaintiff initially identified before Judge Arcara the only remaining discovery is his Rule 26 initial disclosure. But even limiting discovery to this may lead to further discovery (such as deposing the witnesses identified by defendants). From this record, defendant Harrington has not been deposed, but it is not clear whether plaintiff now seeks that examination given the

11

reopening of pretrial proceedings in this case.  To allow the completion of **all** discovery (initial

disclosure, such further discovery arising therefrom, and any depositions plaintiff now seeks or

any discovery defendants seek) but not to prolong this action, all remaining discovery in this case

shall conclude on **August 5, 2011**.  The parties are to endeavor to work out a mutually agreeable

schedule to allow for completion of all discovery by this date.  **No further extension of this**

**discovery deadline will be granted or entertained**.  Dispositive motions, if any, shall be filed

no later than **November 3, 2011**.  If dispositive motions are not filed by November 3, 2011,

parties are to contact the Chambers of Judge Arcara to schedule a pretrial conference in order to

set a trial date.

## CONCLUSION

Based upon the above, it is recommended that plaintiff's motion to preclude evidence

pursuant to Federal Rules of Civil Procedure 37(c)(1) (Docket No. 16) be **denied**, that this

motion be deemed a motion to compel production of initial disclosures and as such should be

**granted**; defendants should produce their initial disclosure within **thirty-five days of entry of**

**this Report & Recommendation**, assuming either no objections to the Report or its adoption

without modification (or upon such schedule as may be entered upon action on any objections to

this Report).

Plaintiff's unopposed motion (Docket No. 16) to enlarge the Scheduling Order (Docket

No. 14) **is granted** and the new schedule that is ordered is set forth above.  All discovery shall be

completed by **August 5, 2011**, and dispositive motions are due by **November 3, 2011**.  If no

dispositive motions are filed, the parties are to contact the chambers of Judge Richard Arcara to

obtain a pretrial conference to set a trial date.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

13

SO ORDERED.

_/s/ Hugh B. Scott_

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
June 27, 2011

14