UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JUSTIN L. LEVY,

                              Plaintiff,

                                                                  **Hon. Hugh B. Scott**

                    v.
                                                                        09CV720A

                                                                       **Order**

RAYMOND HARRINGTON, et al.,

                              Defendants.

        Before the Court initially was plaintiff's letter (letter of Steven Cohen, Esq., to Chambers,

Aug. 3, 2011, hereinafter "Cohen Letter") seeking to extend the amended schedule (Docket

No. 20, Report & Recommendation of June 27, 2011, at 11-12, adopted, Docket No. 21, Order of

July 19, 2011) in this case.  Familiarity with that Report is presumed.  Plaintiff requested to

extend discovery to **December 15, 2011** (Cohen Letter at 2; Docket No. 22, Pl. Atty. Decl. ¶ 15).

The Court insisted upon a formal motion on this matter and plaintiff filed it on August 15, 2011

(Docket No. 22).  In support of this motion, plaintiff submits his counsel's declaration (with

exhibits) and memorandum of law (id.).  Responses to this motion were due by September 6,

2011, and the motion was deemed submitted without further reply or oral argument (Docket No.

24), and the discovery deadlines were held in abeyance pending resolution of this motion (id.).

Defendant failed to respond to this motion.

                                              DISCUSSION

        The June 27, 2011, Report & Recommendation (Docket No. 20) concluded in granting so

much of plaintiff's motion (Docket No. 16) to extend the Scheduling Order to allow plaintiff to

complete his discovery, namely to receive initial disclosures from defendants (see Docket No. 20, Report & Rec. at 11) and to conduct whatever discovery resulting from that late disclosure (id. at 11-12).  Defendants were to produce initial disclosures within thirty five days of entry of the Report, or by August 1, 2011 (id. at 11).  Thus, discovery was to be completed by August 5, 2011, with no further extensions of the discovery deadline to be granted or entertained (id. at 12).  Dispositive motions then were to be due on November 3, 2011 (id.).

Now, plaintiff's counsel writes to request a further extension of discovery, to allow for depositions that have been scheduled for September 2011 and to schedule two other depositions before mid-December 2011 (around both counsels' trial schedules) (Docket No. 22, Pl. Atty. Decl. ¶¶ 9-10; Cohen Letter, at 1-2).  Plaintiff's counsel has not stated defense counsel's position on this request, although both sides appear to have agreed to the above deposition schedule.  As discussed in the Report (Docket No. 20, Report & Rec. at 4, 9), defense counsel had objected to an earlier conducting of depositions beyond the Scheduling Order deadline and a request to extend the discovery deadline even though he had agreed to the deposition date.

The Report setting forth the amended schedule in this case was issued on June 27, 2011, with its adoption by Judge Arcara on July 19, 2011 (Docket No. 21).  Plaintiff then received the Rule 26(a) initial disclosure on July 5, 2011, but without disclosing witness names (Docket No. 22, Pl. Atty. Decl. ¶ 4, Ex. B).  Plaintiff's counsel objected to this disclosure on July 15, 2011 (id. ¶ 6, Ex. D).  On July 8, 2011, plaintiff received other documentary discovery that identified witnesses (id. ¶ 5, Ex. C).  Plaintiff then made "several telephone calls" to defense counsel in order to set the depositions, eventually reaching counsel on July 29, 2011, and agreeing to the schedule to depose plaintiff, defendant and two officers in September 2011

(Cohen Letter at 1-2; Docket No. 22, Pl. Atty. Decl. ¶ 9).  Plaintiff also wants to depose four

more officers but has yet to agree upon a schedule for those examinations (Docket No. 22, Pl.

Atty. Decl. ¶ 10).  Due to counsels' trial schedules, the next period they appear both to be

available to conclude these examinations starts in mid-November 2011, hence plaintiff's request

to extend discovery to mid-December 2011 (id.).

This is consistent with the pattern of earlier proceedings in this case, where both sides

took weeks and months to advance the case with spurts of activity as deadlines approached or

thereafter (see Docket No. 20, Report & Rec. at 9-10).  The Report expressly indicated that the

extension of discovery to August 5, 2011, was to be the last the Court would consider (id. at 12).

Plaintiff now argues that he was diligent in his efforts to conduct these depositions prior

to the discovery deadline (Docket No. 22, Pl. Memo. at 2), pointing to his efforts to learn the

names of police officer witnesses in order to depose them and the failure of defendants to

disclose them in the Rule 26(a) disclosure (id. at 3-4).  Defendants have not responded to this

motion at all.

Plaintiff correctly notes that, under Federal Rule of Civil Procedure 16(b), this Court shall

not modify its Scheduling Order except upon a showing of good cause, with good cause

established by the diligence of the movant to meet the deadline (id. at 2, citing, e.g., Carnite v.

Granada Hosp. Group, Inc., 175 F.R.D. 439, 446 (W.D.N.Y. 1997) (Foschio, Mag. J.);

Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003)).

Plaintiff argues his diligence to identify police witnesses despite defendants' refusal to

identify them (see Docket No. 22, Pl. Memo. at 3-4).  The chronology of events, as described

above, belies plaintiff's diligence. The Report amending the schedule was issued on June 27,

2011, giving the parties until August 5, 2011, to complete all outstanding discovery. The single remaining issue preventing an immediate trial of this matter was initial disclosure of defense witnesses and their potential deposition (see Docket No. 20, Report & Rec. at 5, 11). Defendants were to make their initial disclosure no later than August 1, 2011, and the parties completed their discovery by August 5. Defendants did make their initial disclosures on July 5, 2011, but failed to name witnesses in that document, instead naming them in separate discovery received on July 8, 2011 (see Docket No. 22, Pl. Atty. Decl. ¶¶ 4, 5, Exs. B, C). Thus, the parties were aware of these witnesses for about one month before the discovery deadline. While claiming diligence, plaintiff took ten days to respond to the inadequate initial disclosure (cf. id. ¶¶ 4, 6).

Plaintiff then made numerous calls to defense counsel attempting to schedule these depositions, finally setting some dates on July 29, 2011 (id. ¶¶ 8-9), while leaving others to be set by mid-December (id. ¶ 10). Even these later depositions appear not to have been scheduled.

Thus, it appears that this Court's deadlines have little meaning to both sides. For example, defendants (while not responding to this motion, even to state their consent to it) agreed at one point to conduct discovery beyond the deadline and then invoked the deadline to prevent that discovery from occurring. Plaintiff moves in a deliberate fashion trying to conclude this discovery, but their inability to reach defense counsel hamstrings them. Even if plaintiff's current request is granted, in all likelihood, some deposition would not have been held by mid-December and another request will be made despite admonitions that the prior request was to be the last. The Court is inclined to adhere to its earlier Report and deny plaintiff's latest request but, as a practical matter, the action will be further delayed as the parties seek to conduct this discovery and not bring this action any closer to the trial calendar.

Thus, plaintiff's latest request to extend discovery (Cohen Letter; Docket No. 22) is **granted in part, denied in part**. One **final** extension is granted, **but this Court will neither consider nor grant a further extension**. The amount of time sought by plaintiff, to December 15, 2011, with no assurance this discovery will be finished at that date (or even scheduled for later completion) is excessive, given the procedural history of this case (see generally Docket No. 20, Report & Rec.). Assuming that the parties have awaited this decision before proceeding further, some, **final** extension of the discovery deadline is in order. The parties are free to stipulate to conduct and complete discovery beyond the deadline, with the risk that this Court may not compel production after the deadline. Therefore, discovery now shall be completed (absent a stipulation to the contrary) on **November 3, 2011**; as a result, dispositive motions shall be due **February 1, 2012**. If dispositive motions are not filed by February 1, 2012, the parties are to contact the Chambers of Judge Arcara to arrange a Final Pretrial Conference and set a trial date.

This Court notes that some of the scheduling of some of the proposed depositions depends upon the trial schedules of both counsel, but the Court also knows that both counsel are parts of either a firm or law office with other attorneys who could conduct the depositions sought here within the discovery deadline set herein.

So Ordered.

_/s/ Hugh B. Scott_

Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      September 9, 2011