UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JUSTIN L. LEVY,

                                    Plaintiff,                              **Hon. Hugh B. Scott**


                                                                                    09CV720A

                              v.                                                    **Order**



RAYMOND HARRINGTON,
CITY OF BUFFALO,
                                    Defendants.

_____

Before the Court is plaintiff's motion to compel (Docket No. 26[1]).  Responses to this

motion were due by October 14, 2011, any reply was due by October 21, 2011, and the motion

was then deemed submitted (without oral argument) (Docket No. 31).

## BACKGROUND

This is a removed civil rights action alleging excessive force, false arrest, false

imprisonment, malicious prosecution, unreasonable seizure, deprivation of liberty without due

process (Docket No. 1, Notice of Removal, Ex. A, State Compl.).  Plaintiff alleges that defendant

City of Buffalo Police officer Harrington arrested him without probable cause.  In the state court

action, plaintiff asserts that he was falsely arrested, maliciously prosecuted, and that Harrington

---

[1]In support of this motion, plaintiff submits his Memorandum of Law, his attorney's
declaration, with exhibits, Docket No. 26; and his attorney's reply declaration, Docket No. 29.
Defendants respond with their attorney's affidavits, Docket No. 28.

violated his civil rights.  (Id.)  Defendants removed this action on August 18, 2009 (Docket No. 1), and answered on the next day (Docket No. 3).

After motion practice surrounding initial disclosures, the revised schedule for this action, and plaintiff's motion (deemed to be to compel production) (see Docket No. 20, Report & Recommendation, adopted, Docket No. 21, Order of July 19, 2011; Docket No. 16[2]), discovery was to be completed in this case by August 5, 2011, with dispositive motions filed by November 3, 2011 (Docket No. 20, Report & Recommendation of June 27, 2011, at 12). Plaintiff then moved for an extension of time to complete discovery (Docket No. 22), which was granted in part to order a final extension, with discovery to be completed by November 3, 2011, and motions by February 1, 2012 (Docket No. 25).  Familiarity with this Order and the Report & Recommendation are presumed.

*Plaintiff's Motion to Compel*

Plaintiff now moves to compel complete answers to his Interrogatories and document demands from defendant Officer Harrington (Docket No. 26, Pl. Atty. Decl. ¶¶ 5-8).  Plaintiff seeks Harrington's disciplinary records involving allegations of excessive use of force (id. ¶¶ 8, 10, Exs. A, C).  Defendants invoked New York State Civil Rights Law § 50-a as precluding disclosure (id. ¶¶ 9, 11-12, Exs. B, D, E).  Defendants denied knowing the existence of such records but, if such did, they claimed privilege under § 50-a (id. ¶ 9).  Plaintiff then asked in his Interrogatories for instances when Harrington's actions were found to be justified and defendants

---

[2]Plaintiff actually sought to preclude defendants from using evidence not produced as well as to extend the discovery schedule, Docket No. 16.  This Court recommended denying preclusion of evidence but deemed the motion as seeking to compel and granting that relief, Docket No. 20.

responded that such materials would have come from internal investigations that they deem

privileged under § 50-a (<u>id.</u> ¶¶ 13, 14-15, Exs. C, D, E), and defendants repeated this answer

when plaintiff asked for any investigations conducted in response to this incident (<u>id.</u> ¶¶ 16, 17-

18, Exs. C, D, E).  At Harrington's deposition, he was advised not to answer these questions due

to the assertion of Civil Rights Law § 50-a (<u>id.</u> ¶ 19).  Plaintiff argues that inquiry in this area is

relevant because of their claims of excessive force used against him by Harrington and the

pattern of excessive use of force tolerated by the City of Buffalo (<u>id.</u> ¶¶ 21-22).  He argues that

New York Civil Rights Law § 50-a does not bar production in federal cases, the materials are

admissible, and, at most, provides a mechanism for production if ordered by this Court (<u>id.</u> ¶ 24;

Docket No. 26, Pls. Memo. of Law at 2-4, 5).

Defendants claim that the materials sought here are deemed confidential pursuant to New

York Civil Rights Law § 50-a, asserting a "confidentiality privilege" under that law (Docket

No. 28, Defs. Atty. Aff. ¶¶ 4-6).  Defendants recognize that the statute allows, after a sufficient

showing by plaintiffs, that this Court could review the sought records <u>in camera</u> before determine

whether (or to what extent) these records may be produced (<u>id.</u> ¶¶ 7, 8, 9,10).  Otherwise,

defendants "adamantly oppose" their production (<u>id.</u> ¶ 9).

In reply, plaintiff notes that they are aware of at least one use of force incident involving

Harrington and instances when he was observed applying excessive force, concluding that

information about this and similar incidents is material and relevant to their claims (Docket

No. 29, Pls. Atty. Reply Decl. ¶¶ 6-8).  He denies that New York Civil Rights Law § 50-a bars

discovery here, although this Court may use that statute's procedures in considering whether to

order discovery (<u>id.</u> ¶ 10) and they deny that this statute creates a privilege (<u>id.</u> ¶ 11).

This motion is similar to the one raised in another case pending before this Court, Paulding v. City of Buffalo, et al., No. 10CV712, Docket No. 28, in which (by the same counsel appearing in this case) the almost identical arguments are raised.

## DISCUSSION

At issue here is the apparent ban under New York State law of producing a police officer's personnel or disciplinary records.  The New York Civil Rights Law requires either the "express written consent" of the officer involved or a Court Order before these confidential records can be released, N.Y. Civ. Rts. Law § 50-a(1).  Under that state statute, "prior to issuing such court order the judge must review all such requests and give interested parties the opportunity to be heard.  No such order shall issue without a clear showing of facts sufficient to warrant the judge to request records for review," id. § 50-a(2); Mercado v. Division of N.Y. State Police, 989 F. Supp. 521, 522 (S.D.N.Y. 1998).  If a sufficient basis is found, these records are turned over to the Court under seal for in camera review and the Court will decide which of "those parts of the record found to be relevant and material [are to be made] available to the persons so requesting," N.Y. Civ. Rts. Law § 50-a(3).  Plaintiff thus needs to show the materiality and relevance of the individual defendants' personnel and disciplinary records to warrant this Court's in camera review before production to plaintiff, see Pierce v. Ottaway, No. 06CV644, 2009 U.S. Dist. LEXIS 21866, at *9-11 (W.D.N.Y. Mar. 18, 2009) (Curtin, J.); see also Martin v. Lamb, 122 F.R.D. 143, 147 (W.D.N.Y. 1988) (Fisher, Mag. J.).

But that statute does not create a privilege recognized by federal courts.  No federal rule prohibits discovery of police personnel or disciplinary files, King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) (Weinstein, Ch. J.); Pierce, supra, 2009 U.S. Dist. LEXIS 21866, at *10.  If

4

considered privileged, this statute is only qualified in federal courts; this Court must balance

plaintiff's the need for the information against the public's interest in disclosure or

nondisclosure, <u>Aguilar v. Immigration & Customs Enforcement</u>, 259 F.R.D. 51, 56 (S.D.N.Y.

2009) (Maas, Mag. J.); <u>Mercado v. Division of N.Y.S. Police</u>, 989 F. Supp. 521, 522-23

(S.D.N.Y. 1998) (Grubin, Mag. J.) (production of disciplinary records in Title VII action where

Hispanic officers allege disparate treatment from other officers, subject to entry into a

confidentiality agreement if defendants desired).  The relevance of these documents also needs to

be determined prior to any production "even if the defendant has not made a substantial showing

of harm," <u>Pierce</u>, <u>supra</u>, 2009 U.S. Dist. LEXIS 21866, at *10; <u>see</u> <u>Barrett v. City of N.Y.</u>,

237 F.R.D. 39, 41-42 (E.D.N.Y. 2006).

 Here, plaintiff has met the initial burden of showing materiality and relevance for his

inquiry.  Plaintiff's Interrogatories and document demands go to his excessive force and

supervisory liability claims.

 Before deciding the relevance and balancing the interest in keeping these records

confidential, this Court must review the personnel records in question <u>in camera</u>, <u>Pierce</u>, <u>supra</u>,

2009 U.S. Dist. LEXIS 21866, at *2, 9-10; <u>Martin</u>, <u>supra</u>, 122 F.R.D. at 147, 148.  In <u>Pierce</u>,

Judge Curtin found after <u>in camera</u> inspection that there was nothing "remotely relevant" to

plaintiff's claims in the officers' personnel records, <u>Pierce</u>, <u>supra</u>, 2009 U.S. Dist. LEXIS 21866,

at *10-11.  Therefore, to determine relevance here (and whether plaintiff is to see these records),

this Court **requires <u>in camera</u> review of defendants' personnel records** responsive to

plaintiff's demands.

CONCLUSION

For the reasons stated above, regarding so much of plaintiff's motion to compel (Docket No. 26) seeking production of the individual defendant's personnel or disciplinary records, defendants **shall produce to the Court for <u>in camera</u> review defendants' personnel and disciplinary records** otherwise responsive to plaintiff's demands.  Defendants shall furnish these to the Chambers of the undersigned within **thirty (30) days** of entry of this Order.

Following inspection of these documents, this Court will determine whether they are relevant to this action and should be produced to plaintiff.

So Ordered.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
October 31, 2011

6