UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUSTIN L. LEVY,

                              Plaintiff,                                  **Hon. Hugh B. Scott**

                                                                               09CV720A

                           v.                                                    **Order**

RAYMOND HARRINGTON,
CITY OF BUFFALO,
                              Defendants.
_____

      Before the Court is plaintiffs' motion to compel (Docket No. 26). In particular, this Order follows the <u>in camera</u> review of the personnel and disciplinary records of officer Raymond Harrington, pursuant to an earlier Order of this Court (Docket No. 30, Order of Oct. 31, 2011), <u>Levy v. Harrington</u>, 2011 U.S. Dist. LEXIS 125496 (W.D.N.Y. Oct. 31, 2011) (Scott, Mag. J.), familiarity with which is presumed.

      Defendants timely submitted the materials for <u>in camera</u> review on November 28, 2011.

### BACKGROUND

      This is a removed civil rights action alleging excessive force, false arrest, false imprisonment, malicious prosecution, unreasonable seizure, deprivation of liberty without due process (Docket No. 1, Notice of Removal, Ex. A, State Compl.). Plaintiff alleges that defendant City of Buffalo Police officer Harrington arrested him without probable cause. In the state court action, plaintiff asserts that he was falsely arrested, maliciously prosecuted, and that Harrington

violated his civil rights. (Id.) Defendants removed this action on August 18, 2009 (Docket No. 1), and answered on the next day (Docket No. 3).

Plaintiff moves to compel complete answers to his Interrogatories and document demands from defendant Officer Harrington (Docket No. 26, Pl. Atty. Decl. ¶¶ 5-8). Plaintiff seeks Harrington's disciplinary records involving allegations of excessive use of force (id. ¶¶ 8, 10, Exs. A, C). Defendants invoked New York State Civil Rights Law § 50-a as precluding disclosure (id. ¶¶ 9, 11-12, Exs. B, D, E).

This Court recognized that Civil Rights Law § 50-a did not create an evidentiary privilege recognized by federal courts to preclude discovery, Pierce v. Ottaway, No. 06CV644, 2009 U.S. Dist. LEXIS 21866, at *9-11 (W.D.N.Y. Mar. 18, 2009) (Curtin, J.); see also Martin v. Lamb, 122 F.R.D. 143, 147 (W.D.N.Y. 1988) (Fisher, Mag. J.) (Docket No. 30, Order of Oct. 31, 2011, at 4-5), Levy, supra, 2011 U.S. Dist. LEXIS 125496. The Court then ordered the in camera inspection of Harrington's records to determine their relevance to plaintiff's discovery demands and whether they should be disclosed to plaintiff.

## DISCUSSION

Before deciding the relevance and balancing the interest in keeping these records confidential, this Court must review the personnel records in question in camera, Pierce, supra, 2009 U.S. Dist. LEXIS 21866, at *2, 9-10; Martin, supra, 122 F.R.D. at 147, 148. In Pierce, Judge Curtin found after in camera inspection that there was nothing "remotely relevant" to plaintiff's claims in the officers' personnel records, Pierce, supra, 2009 U.S. Dist. LEXIS 21866, at *10-11.

If the personnel and disciplinary records indicate that the officer was exonerated from any disciplinary complaints charged, those records need not be produced, see <u>Law v. Cullen</u>, 613 F. Supp. 259, 262 (S.D.N.Y. 1985) (unsubstantiated civilian complaints merely charges, not actual findings of abuse); see also <u>Hart v. Goord</u>, No. 08CV681, 2010 U.S. Dist. LEXIS 39888, at *5 (W.D.N.Y. Apr. 22, 2010) (Scott, Mag. J.) (denying discovery of grievances against corrections officer found to be unsubstantiated, with its probative value being quite limited); <u>Woodward v. Mullah</u>, No. 08CV463, 2010 U.S. Dist. LEXIS 77065, at *8 (W.D.N.Y. July 29, 2010) (McCarthy, Mag. J.); <u>Rasmussen v. City of New York</u>, No. 10 Civ. 1088, 2011 U.S. Dist. LEXIS 10089, at *24-28 (E.D.N.Y. Feb. 2, 2011)(court there recognized that plaintiffs, in making argument that authorities in other cases erred in not finding substantial claims of abuse, took upon themselves the burden of showing that "every other unsubstantiated complaint on which they rely entailed a constitutional violation" and that the sample of cases cited were representative in order to resist a defense summary judgment motion).

*Officer Harrington's Records*

This Court has reviewed the personnel and disciplinary records of Officer Harrington produced by defendants. The personnel records consist of pay and financial records, attendance and other personnel records, and various commendations noted in the officer's file. They do not indicate any litigation or claims commenced against this officer. These materials are not remotely relevant to plaintiffs' claims and therefore **are not to be produced**.

Officer Harrington's disciplinary records during the relevant period (the past ten years) involve six incidents. Two called for administrative conferences regarding procedures and did not involve incidents similar to the case at bar. Two more involved automobile accidents where

Harrington was driving; in both of which he was exonerated or charges were not sustained. He was exonerated on another alleged procedural violation. The last complaint, Internal Number 2007-118, Harrington was the back up officer during an arrest where he had to remove the suspect unwillingly from his vehicle and restrain him to hand cuff the suspect. The charges there were not sustained. These records thus **are not to be produced**.

Therefore, plaintiff's motion to produce these records (Docket No. 26) is **denied**.

## CONCLUSION

For the reasons stated above, regarding so much of plaintiff's motion to compel (Docket No. 26) seeking production of the individual defendant's personnel or disciplinary records, this motion is **denied** as discussed above. Defense counsel shall make arrangements with Chambers of the undersigned to retrieve the copies of the <u>in camera</u> documents reviewed by this Court.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
December 5, 2011